United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES ALLENDER, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>MCKESSON CORPORATION, et al.,<br><br>    Defendants. | Case No.  13-cv-03068-JST<br><br>**ORDER STAYING ACTION PENDING JPML ACTION**<br><br>Re: MDL No. 1871 |

Before the Court is Defendant Glaxosmithkline, LLC's Motion to Stay all Proceedings Pending Transfer by the Judicial Panel on Multidistrict Litigation (JPML) to In re Avandia Marketing, Sales Practices and Products Liability Litigation, MDL No. 1871, in the Eastern District of Pennsylvania.  ECF No. 13.  See In re Avandia, 528 F.Supp.2d 1339 (J.P.M.L.2007) (consolidating cases).  The JPML issued a Conditional Transfer Order (CTO) on July 9, 2013, conditionally transferring this action to the Avandia MDL.  CTO-172, MDL No. 1871, ECF No. 1022.  Plaintiffs opposed the CTO, MDL No. 1871, ECF No. 1051, and filed a brief opposing Defendant's Motion to Stay here.  ECF No. 17.  Motions to vacate the CTO are due July 31, 2013.  Responses are due August 21, 2013.  ECF No. 1056.

Pursuant to Civil Local Rule 7-1(b), the Court determines that this matter is appropriate for resolution without oral argument.[1]

The Court's power to stay proceedings "is incidental to the power inherent in every court to control disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants."  Landis v. N. Am. Co., 299 U.S. 248, 254 (1936).  In determining

---

[1] Because the papers already before the have established that a stay is appropriate, the Court has concluded that a reply brief is unnecessary and has issued this order before the deadline for filing one.

1    whether a stay is warranted pending transfer by the JPML, courts consider the "(1) potential
2    prejudice to the non-moving party; (2) hardship and inequity to the moving party if the action is
3    not stayed; and (3) the judicial resources that would be saved by avoiding duplicative litigation if
4    the cases are in fact consolidated." Couture v. Hoffman-La Roche, Inc., No. 12-cv-2657-PJH,
5    2012 WL 3042994 (N.D. Cal. July 25, 2012) (quoting Rivers v. Walt Disney Co., 980 F.Supp.
6    1358, 1360 (C.D.Cal.1997) (citation omitted)).

7        The Court finds that the factors weigh in favor of staying these proceedings. In particular,
8    the potential prejudice to Plaintiffs of a stay is minimal. The JPML's decision is likely to be
9    issued shortly. By contrast, not issuing a stay will expose Defendant to the risk of unnecessary
10   proceedings and inconsistent rulings on recurring questions of law and fact pending in multiple
11   cases.

12       Plaintiffs are incorrect that the Court must consider the jurisdictional questions raised in
13   their motion to remand prior to issuing a stay. When motions to stay and to remand are pending,
14   "deference to the MDL court for resolution of a motion to remand often provides 'the opportunity
15   for the uniformity, consistency, and predictability in litigation that underlies the MDL system.'"
16   Id. (quoting Nielsen v. Merck and Co., No. 07-cv-00076-MJJ, 2007 WL 806510 at *1 (N.D.Cal.
17   Mar.15, 2007)). In deciding whether to rule on the motion to remand, "courts consider whether
18   the motion raises issues likely to arise in other actions pending in the MDL transferee court."
19   Conroy v. Fresh Del Monte Produce, Inc., 325 F. Supp. 2d 1049, 1053 (N.D. Cal. 2004).

20       Staying these proceedings is appropriate if "the jurisdictional issue is both difficult and
21   similar or identical to those in cases transferred or likely to be transferred." Meyers v. Bayer AG,
22   143 F. Supp. 2d 1044, 1049 (E.D. Wis. 2001). Moreover, "[i]f the issues involved in the remand
23   motion are likely to arise in the cases that have been or will be transferred, judicial economy
24   would be served by issuing the stay." Ibid.; see also Aiken, supra, (citing In re Vioxx Prods. Liab.
25   Litig., 360 F. Supp. 2d 1352, 1354 (J.P.M.L. 2005) ("The pendency of a motion to remand to state
26   court is not a sufficient basis to avoid inclusion in Section 1407 proceedings."); In re Prudential
27   Ins. Co. of Am. Sales Practices Litig., 170 F. Supp. 2d 1346, 1347 (J.P.M.L. 2001) (transferring
28   cases; noting "remand motions can be presented to and decided by the transferee judge.")).

United States District Court
Northern District of California

1   "Plaintiff[s] can present [their] motion for remand to state court to the transferee judge."  In re
2   Avandia Mktg., Sales Practices & Products Liab. Litig., MDL No. 1871, 2008 WL 2332240, at
3   *1401 (June 5, 2008).

    For the foregoing reasons, this action is STAYED pending further order of the Court.
Should the JPML deny a request to consolidate this action with the MDL proceedings, Defendant
is hereby ORDERED to file a motion to consider whether to lift the stay within three days of that
order.

**IT IS SO ORDERED**.

Dated: July 21, 2013

_____
JON S. TIGAR
United States District Judge